<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH AMORE and EILEEN AMORE, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.  05-3560 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| URS CORPORATION, TERMINAL CONSTRUCTION CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on the motion for summary judgment (Docket Entry No. 56), pursuant to Federal Rule of Civil Procedure 56, by Defendant URS Corporation ("URS").  For the reasons set forth below, Defendant's motion for summary judgment will be granted.

<u>BACKGROUND</u>

This case arises out of an accidental injury.  The following facts are undisputed.  Briefly, Plaintiff Joseph Amore ("Amore") was a lull operator employed by Benfatto Construction Co. Plaintiff Eileen Amore is his wife.  On November 22, 2004, Amore was injured while working at a construction site in Jersey City, New Jersey: he was operating a lull which tipped over and injured him.  Defendant URS was project manager at the construction site.

The lull is a kind of forklift truck.  It can extend outriggers which increase its stability.

The accident in this case arose out of the need to use the lull to dismantle scaffolding. The only access to the scaffolding on the construction site was an alley too narrow to allow the lull to extend the outriggers. Three days before the accident, Amore asked his supervisor, John Scrofani ("Scrofani") for permission to place the lull in an adjacent public park, which would provide the space needed to extend the outriggers while dismantling the scaffolding. The communication between Scrofani and URS Project Manager Michael Antonio ("Antonio") is a matter of dispute. Although he could not extend the outriggers, Amore operated the lull in the alley and the accident occurred. The parties agree that the operation of the lull under these circumstances was dangerous.

On July 15, 2005, Plaintiffs initiated the instant suit by filing the Complaint, asserting two causes of action: 1) negligence; and 2) a per quod claim. Presently before the Court is the summary judgment motion filed by URS.

## **ANALYSIS**

**I.   Legal Standard**

    A.   Motion for summary judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any

weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient

evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**II.    Defendant's motion for summary judgment**

Defendant moves for summary judgment on the negligence claim against it, contending that it owed Amore no duty of care. Because Plaintiffs bear the burden of proof at trial on their negligence claim, at summary judgment, the burden now shifts to them to defeat the motion. Rule 56(e) requires that the opposing party "set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

The parties do not dispute the fundamental principles that this Court applies to the inquiry into whether URS owed Amore a duty of care. As explained by the New Jersey Supreme Court:

> The question of whether a duty to exercise reasonable care to avoid the risk of harm to another exists is one of fairness and policy that implicates many factors. The determination of such a duty is generally considered a matter of law properly decided by the court.
>
> The foreseeability of harm is a significant consideration in the determination of a duty to exercise reasonable care. The ability to foresee injury to a potential plaintiff does not in itself establish the existence of a duty, but it is a crucial element in determining whether imposition of a duty on an alleged tortfeasor is

appropriate.

Once the foreseeability of an injured party is established, considerations of fairness and policy govern whether the imposition of a duty is warranted. The assessment of fairness and policy involves identifying, weighing, and balancing several factors – the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.

Cidalina O. Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 572-573 (1996) (citations omitted).

Plaintiffs make four arguments in opposition to Defendant's motion. Two of the arguments rely on the factual assertion that URS had actual notice or knowledge of the unsafe condition. To defeat the motion for summary judgment with these arguments, then, Plaintiff must point to evidence from which a reasonable jury could conclude that URS had such notice.

In support of its contention that URS had actual notice, Plaintiffs offer the deposition testimony of Scrofani and Antonio. (Pls.' Resp. 56.1 Stmt. ¶ 6; Pls.' Supp. 56.1 Stmt. ¶¶ 34-38.) Plaintiffs point to pages 21-22 of the Scrofani deposition. Scrofani testified that he had had a conversation "with Mike" regarding using the park. (Scrofani Dep. 21:18-24.) On the pages of testimony that Plaintiffs reference, nothing is said about the substance of that conversation except that it was about "using the park" and that it followed from Amore's request to Scrofani to use the park.

Plaintiffs also point to pages 21-27 of the Antonio deposition. Antonio testified that there may have been a conversation about the possibility of using the park: "Just a question came up okay, 'can we use Santora Park?' My answer was no, it's not part of the SEC property." (Antonio Dep. 27:4-7.)

This deposition testimony, at most, provides evidence that Antonio knew of a request to use the park, and had said no to it. Plaintiffs have pointed to no evidence that Antonio knew about the lull, the problem with the alley and the outriggers, or any dangerous aspect of that situation. To the contrary, Antonio stated that he had no knowledge of the dangerous situation:

> Q: Did you have any knowledge as to the fact that they were going to use a lull in that process, prior to the actual work being performed?
> A: No, sir.
> Q: Did anyone ever approach you at any point and ask you if you were aware that they were going to perform the disassembly of the scaffold using a lull in that alleyway?
> A: No, sir.

(Antonio Dep. 20:5-13.) No reasonable jury could hear this testimony and find that URS had any actual notice or knowledge of the danger of using the lull in the alley. Plaintiffs can prove only that URS had knowledge of a request to use the park, not that a URS employee knew about any of the facts on which that request may have been based.

The absence of evidence supporting Plaintiffs' allegations of actual notice is fatal to Plaintiffs' first two arguments in support of finding that URS owed a duty of care to Amore. Plaintiffs argue that "URS has actual knowledge of a foreseeably dangerous situation . . . yet it failed to take the appropriate action" to protect Amore. (Pls.' Opp. Br. 18.) Having failed to prove actual knowledge, Plaintiffs cannot succeed with these arguments.[1] Plaintiffs do not build a case around the position that URS had a duty to discover the danger and failed to do so.

Plaintiffs' next two arguments suffer because they are fragments of arguments, and are

---

[1] Plaintiffs' second argument also must fail because it relies on the proposition that the case law regarding the legal duties of landowners should apply to URS. There is no dispute that URS was not a landowner, and Plaintiffs fail to persuade this Court that URS should be nonetheless viewed as one.

not complete. Plaintiffs' third argument concerns violations OSHA issued against Amore's employer, Benefatto, after the accident. This argument fails because Plaintiffs do not persuade that these OSHA violations are relevant to the analysis of whether URS owed Amore a duty of care under New Jersey law. Plaintiff argues that "[i]f it is determined that OSHA regulations are applicable to [] URS, they may be considered in determining the standard of care." (Pls.' Opp. Br. 20.) Yet Plaintiffs omit any argument directed to persuading that the OSHA regulations are applicable to URS.

      Lastly, Plaintiffs argue that, after the accident, some contractors used the park for various purposes related to the construction. Plaintiffs contend that such evidence would be admissible under Federal Rule of Evidence 407 to show that URS "had control of the construction project to obtain permission to use Santora Park." (Pls.' Opp. Br. 22.) Even if correct as an evidentiary matter, this is still a fragment of an argument for a duty of care. Plaintiffs fail to explain how showing such control provides a basis to impose a duty of care on URS.

      Plaintiffs have failed to defeat Defendant's motion for summary judgment. Plaintiff has failed to show that it can prove an essential element of its negligence case, the existence of a duty of care running from URS to Amore. Defendant's motion for summary judgment will be granted.

## **CONCLUSION**

For the reasons stated above, Defendant has shown that the requirements of Rule 56(c) have been satisfied: there are no genuine issues as to any material fact and Defendant URS is entitled to judgment as a matter of law.  Defendant's motion for summary judgment (Docket Entry No. 56) is granted.  Judgment is entered in favor of Defendant URS.


                                                     s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.

Dated: April 13, 2009